**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeane Gregory, | No. CV-19-04909-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Richard Whitney, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Jeane Gregory's ("Plaintiff") Motion for Summary Judgment (Doc. 15) and Second Motion for Summary Judgment (Doc. 34).[1] For the following reasons, the motions are denied.

## BACKGROUND

Plaintiff's mother, a California resident, died leaving property in Arizona and naming Plaintiff, a North Carolina resident, as Executor of her California will. The will provided that all estate assets pour-over into the family trust. The trustee of the family trust, situs of which was California, contracted to sell the Arizona property. However, a title search revealed that the property was still in the name of the deceased. The title company required that a personal representative be appointed to confirm the title and complete the sale. Defendant Richard Whitney ("Defendant Whitney"), an Arizona attorney, and Gust

---

[1] Also pending before the Court are Defendants' Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 26) and Defendants' Motion to Strike Plaintiff's Second Motion for Summary Judgment (Doc. 38). The Court's disposition of these motions shall await a determination as to whether summary judgment should be entered in Defendants' favor pursuant to Fed. R. Civ. P. 56(f).

Rosenfeld PLC, his Arizona based law firm, (collectively "Defendants") were engaged to open an ancillary probate in Arizona. Defendants requested that Plaintiff sign the prepared probate documents so that the sale of the Arizona property could be completed. Defendants filed an application for informal probate and appointment of a personal representative to confirm title of real property. Plaintiff accepted the duties of personal representative in July 2011.

Plaintiff, acting as Personal Representative, sold the Arizona property and received the proceeds of the sale but refused to remit the proceeds to the trustee of her mother's trust. Defendant Whitney filed a Petition for Order to Show Cause in an effort to recover the sale proceeds. The state court set a show cause hearing to determine if Plaintiff violated her fiduciary duties as personal representative and whether Defendant Whitney could continue to represent Plaintiff. At the hearing, on December 8, 2011, the state court found Plaintiff to be in contempt of court, revoked her authority to act as Personal Representative, issued a Fiduciary Arrest Warrant for her arrest, and ordered that Defendant Whitney be withdrawn as her counsel. (Doc. 24-1 at 26-27).

Plaintiff commenced this action pro se in May 2019[2] alleging that Defendants "deceived [Plaintiff] into signing documents to sell property [Plaintiff] owned." (Doc. 1 at 4.) Plaintiff claims that Defendants led to her to believe that they were representing her, when in fact they were representing the California trustee. Plaintiff now moves for summary judgment. Defendants respond in opposition and ask that summary judgment be granted in Defendants' favor to the extent permitted by Rule 56(f).

**DISCUSSION**

**I.    Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and

---

[2] Plaintiff filed her complaint in the United States District Court for the Eastern District of North Carolina. Defendants moved to dismiss Plaintiff's complaint for lack of jurisdiction or in the alternative to transfer venue to this Court. The United States District Court for the Eastern District of North Carolina found that it lacked personal jurisdiction over Defendants, but that jurisdiction and venue were proper in Arizona. The court granted Defendants' alternative request to transfer the case to this Court.

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Lastly, the Court may "'grant summary judgment for a nonmovant' and grant a summary judgment motion 'on grounds not raised by a party,' so long as the court gives 'notice and a reasonable time to respond' prior to doing so." *Whitmire v. Wal-Mart Stores Inc.*, CV-17-0818-PCT-JAT, 2018 WL 6110937, n.3 (D. Ariz. Nov. 21, 2018) (quoting Fed. R. Civ. P. 56(f)).

## II. Analysis

Defendants argue that Plaintiff's claim or claims are time barred. While Plaintiff does not clearly define the claims she is bringing against Defendants, the factual allegations in the complaint suggest that she is asserting claims of fraud and/or malpractice. Fraud claims must be brought within three years of accrual. A.R.S. § 12–543. Fraud claims accrue "when the plaintiff by reasonable diligence could have learned of the fraud, whether or not he actually learned of it." *Coronado Dev. Corp. v. Superior Court*, 139 Ariz. 350, 352, 678 P.2d 535, 537 (Ct. App. 1984). Legal malpractice actions must be brought within two years of accrual. A.R.S. § 12–542. Legal malpractice claims accrue "when the plaintiff has sustained appreciable, non-speculative harm or damage as a result of such malpractice and . . . knows, or in the exercise of reasonable diligence should know, that the harm or damage was a direct result of the attorney's negligence." *Hayenga v. Gilbert*, 236 Ariz. 539, 541, 342 P.3d 1279, 1282 (App. Ct. 2015) (alteration in original) (citations and internal quotation omitted).

In her complaint, Plaintiff quotes the state court's minute entry setting the order to show cause hearing ("2011 Minute Entry") as evidence of her claims. Specifically, Plaintiff

alleges,

> My California mother died leaving property in Arizona. I am Executor of her Will. Two CA lawyers attempted to sell it, illegally. They put Whitney/Rosenfeld onto me. They told me they were my attorneys, I needed to sign papers as Executor to complete a sale. The "sale" went through. I complained to Whitney/Rosenfeld about issues as Executor. Turned out Whitney/Rosenfeld were working for the CA lawyers, NOT for me. Summed up by Maricopa County Court – "it is obvious that the informal probate was established for the sole purpose of completing the sale of property, and absolutely beyond the powers authorized by Arizona law and the powers issued by this Court." - Minute Entry 11/08/2011 Case PB 2011-001579 I was not the Executor! I was duped!

(Doc. 1 at 4.) Defendants argue that Plaintiff's reliance upon the 2011 Minute Entry demonstrates that Plaintiff "knew of or should have known of her claim no later than when she received the state court's [2011 Minute Entry]." (Doc. 23 at 4.)

Plaintiff does not refute Defendants' assertion. Instead, Plaintiff relies on two letters to support the allegations made in her complaint. The first letter is a response from the Maricopa County Attorney to a November 21, 2011 letter he received from Plaintiff regarding the probate matter. Plaintiff relies on this letter to demonstrate "that even at that time I was looking for help in this abomination of Arizona's legal system." (Doc. 34 at 3.) The letter nevertheless seems to demonstrate that, by 2011, Plaintiff was aware of the claims she did not assert against Defendants until 2019. The second letter is a response from the Arizona State Bar to a complaint Plaintiff filed with respect to Defendant Whitney's involvement in the probate matter. The second letter is dated June 27, 2012. Again it demonstrates that by 2012, Plaintiff was aware of the claims she did not assert against Defendants until 2019.

While the Court is sympathetic to Plaintiff's efforts in righting a perceived injustice, there is no dispute that Plaintiff knew of the alleged fraud or malpractice after receipt of the 2011 Minute Entry. Plaintiff, by her own admission, has been seeking relief for the alleged misconduct since receipt of the 2011 Minute Entry and consistently relies on its language to support her claims. Now, over seven years later, Plaintiff's claims are barred

by the applicable statutes of limitation.[3]

## CONCLUSION

For the reasons stated, Plaintiff's motion for summary judgment is denied. Defendants opposed Plaintiff's motion for summary judgment but did not file its own motion for summary judgment. Nevertheless, having found no genuine dispute of material fact, and having also determined that plaintiff is not entitled to summary judgment on any of her claims, the Court believes that summary judgment for Defendants may be appropriate pursuant to Rule 56(f). The Plaintiff has until December 6, 2019 to file a motion showing cause why summary judgment should not be granted to Defendants.

**IT IS SO ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 15) and Second Motion for Summary Judgment (Doc. 34) are **DENIED**. Plaintiff has until December 6, 2019 to show cause why summary judgment should not be granted to Defendants pursuant to Fed. R. Civ. P. 56(f).

Dated this 5th day of November, 2019.

_____
G. Murray Snow
Chief United States District Judge

---

[3] Even if Plaintiff's complaint could be construed to assert a claim for breach of some contract or for some other claim, any such claim is also barred by the general four-year statute of limitation. A.R.S. § 12-550.